Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| GRAN VISTA INC. REPRESENTADA POR LA PRESIDENTE DE L, LILLIAM MALDONADO CORDERO<br><br>Recurridos<br><br>V.<br><br>ALINA VICENTE LÓPEZ SUSANA CAPURAS<br><br>Peticionarias | TA2026AP00581 | *Apelación acogida como* **Certiorari** procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: GR2020CV00260<br><br>Sobre: Acción Reivindicatoria |
| --- | --- | --- |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio, la Jueza Álvarez Esnard y el Juez Cruz Hiraldo[1]

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2026.

El 8 de junio de 2026, compareció ante este Tribunal de Apelaciones la señora Alina Vicente López (en adelante, señora Vicente López o parte peticionaria), mediante recurso de *Apelación Civil*, el cual se acogió como *Certiorari* el 11 de junio de 2026. Por medio de este, nos solicita que revisemos la *Resolución* emitida y notificada el 12 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Humacao. En virtud del aludido dictamen, el foro *a quo* declaró *No Ha Lugar* una solicitud de relevo de sentencia.

Por los fundamentos que adelante se exponen, se *deniega* la expedición del recurso de *Certiorari*.

### I

El 5 de noviembre de 2020 la parte recurrida, Gran Vista, Inc. (en adelante, parte recurrida o Gran Vista), representada por la

---

[1] DJ 2025-063C, 26 de mayo de 2026.

presidenta de su Junta de Directores, la señora Liliam Maldonado, presentó una *Demanda* en contra de la parte peticionaria y la señora Susana Palacios Capuras.[2] Mediante esta, la parte recurrida solicitó la reivindicación de un predio de terreno, identificado como Lote J, que fue inscrito en el Registro de la Propiedad a su favor, y que discurría por varios solares, entre estos, el núm. 54 de la señora Vicente López.

Celebrado el juicio en su fondo, el 30 de agosto de 2023, el Tribunal de Primera Instancia emitió una *Sentencia*, concediendo la acción reivindicatoria instada.[3] En desacuerdo, la parte peticionaria presentó un recurso de *Apelación*. El 6 de mayo de 2024, un panel hermano de esta Curia emitió una *Sentencia*, en el caso núm. KLAN202300881, consolidado con el caso núm. KLCE202301310, mediante la cual confirmó el dictamen del foro de instancia. Aún inconforme, la parte peticionaria acudió ante el Tribunal Supremo mediante un recurso de *Certiorari*, caso núm. AC-2024-0054. No obstante, el mismo fue declarado *No Ha Lugar* mediante *Resolución* del 6 de septiembre de 2024.

Posteriormente, el 9 de diciembre de 2024, la parte peticionaria presentó una *Moción Urgente de Relevo de Sentencia Regla 49.2 y Solicitud de Regla 56,* alegando la nulidad del dictamen impugnado.[4] En apretada síntesis, la señora Vicente López planteó que la sentencia del foro de instancia fue emitida sin jurisdicción pues, a su entender, la señora Liliam Maldonado carecía de legitimación activa para representar a Gran Vista en el pleito. También alegó la ausencia de partes indispensables, arguyendo que era necesaria la comparecencia de los doscientos (200) titulares de la aludida urbanización. Asimismo, planteó que el Tribunal de

---

[2] SUMAC del Tribunal de Primera Instancia, Entrada Núm. 1.
[3] *Íd.*, Entrada Núm. 402.
[4] *Íd.*, Entrada Núm. 467.

Primera Instancia carecía de jurisdicción sobre la materia, ya que, a su juicio, el asunto correspondía a la esfera administrativa. A tales efectos, insistió en que la intervención de las agencias pertinentes era obligatoria debido a la existencia de un recurso natural involucrado en la controversia. Finalmente, argumentó que el predio objeto del litigio no podía ser enajenado por este pertenecerle al Municipio de Gurabo, así como que el referido dictamen era contrario a las restricciones impuestas en la escritura matriz de la Urbanización Gran Vista.

El 11 de diciembre de 2024 la parte recurrida presentó una *Moción en Oposición a Solicitud de Relevo de Sentencia [...].*[5] En esencia, sostuvo que los planteamientos de la parte peticionaria ya habían sido examinados previamente por el Tribunal de Primera Instancia, este Tribunal de Apelaciones y el Tribunal Supremo, por lo que la solicitud no aportaba cuestión novedosa alguna. A su vez, arguyó que transcurrieron más de seis (6) meses desde el dictamen impugnado, razón por la cual la aludida moción no debía ser considerada. En adición, la parte recurrida solicitó que se ordenara a la parte peticionaria atenerse al dictamen en emitido en su contra, así como la imposición de honorarios de abogado por su temeridad reiterada.

En consecuencia, 16 de diciembre de 2024, el foro primario denegó la petición por haber transcurrido los seis (6) meses dispuestos en la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.[6]

Sin embargo, el 21 de abril de 2026, la parte peticionaria presentó una segunda *Moción Urgente de Relevo de Sentencia [...],* en la cual, en resumidas cuentas, reiteró los señalamientos

---

[5] *Íd.*, Entrada Núm. 469.
[6] *Íd.*, Entrada Núm. 474.

esbozados en su primera petición.[7] Por consiguiente, el 29 de abril de 2026, la parte recurrida presentó su oposición.[8] En esencia, sostuvo que la parte peticionaria insistía en reproducir planteamientos ya adjudicados, tanto por el foro de instancia como los foros revisores pertinentes. Por ello, arguyó que la señora Vicente López agotó todas las oportunidades procesales disponibles en nuestro ordenamiento, sin que sus argumentos resultaran meritorios. Recalcó que sus señalamientos no introducían cuestión nueva alguna y que los mismos fueron objeto de consideración a lo largo de todo el litigio. Asimismo, planteó que la presentación reiterada de solicitudes de relevo de sentencia, *injunctions*, entre otros recursos, evidenciaba un intento de dilatar la ejecución del dictamen final. A su juicio, lo presentado no era más que la manifestación de su inconformidad con el resultado del pleito y con las determinaciones procesales previas, por lo que no se cumplían los requisitos de la Regla 49.2 de Procedimiento Civil, *supra*. Siendo así, solicitó la imposición de honorarios de abogado por su obstinación y temeridad durante el proceso. Igualmente, peticionó que se le ordenara a la señora Vicente López el cese y desista de la presentación de mociones inmeritorias, así como que se le apercibiera que su incumplimiento podría acarrear el desacato civil.

Luego de varios asuntos procesales impertinentes pormenorizar, el 8 de mayo de 2026 la parte peticionaria presentó una tercera solicitud de relevo de sentencia, esbozando nuevamente, los planteamientos relativos a la nulidad del dictamen por falta de jurisdicción y legitimación activa de la parte recurrida.[9] En consecuencia, el 12 de mayo de 2026, el Tribunal de Primera

---

[7] *Íd.*, Entrada Núm. 567.
[8] *Íd.*, Entrada Núm. 578.
[9] *Íd.*, Entrada Núm. 589.

Instancia emitió la *Resolución* recurrida, mediante la cual declaró *No Ha Lugar* la petición de relevo de sentencia.[10]

Inconforme, el 8 de junio de 2026, la parte peticionaria acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

> ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL CARECER DE JURIDICCI[Ó]N SOBRE LA MATERIA ADMINISTRATIVA QUE EN PR RIGE LAS SERVIDUMBRES PLUVIALES PARA EMITIR LAS SENTENCIAS EN ESTE CASO QUE REQUIEREN DEL CONOCIMIENTO EXPERTO DE LAS AGENCIAS ADMINISTRATIVAS COMO AS[Í] DISPUSO EL LEGISLADOR.

> ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL CARECER DE JURIDICCI[Ó]N SOBRE LA MATERIA ADMINISTRATIVA Y PRETENDER ADJUDICAR EL DEREC[H]O DE SERVIDUMBRE PLUVIAL J YA CEDIDO DESDE EL 22 DE MAYO DE 1989 EN LA RESOLUCI[Ó]N DE ARPE 89-03-890 AL CUAL LA LEY 161 DEL 2009 LE IMPONE UN CUMPLIM[I]ENTO Y LEGALIDAD ESTRICTO QUE DEBEN DE CUMPLIR LOS TRIBUNALES DE PR A LOS APELADOS CONTRARIO A LA LEY.

> ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL PERMITIR QUE LOS APELADOS SE HAYAN PRESENTADO Y LITIGADO ANTE SU FORO SIN CAPACIDAD NI PERSONALIDAD JUR[Í]DICA[,] YA QUE NO REPRESENTAN AL CONSEJO TITULAR DE LA ASOCIACI[Ó]N DE RESIDENTES DE GRAN VISTA I[,] QUIEN ES EL [Ú]NICO ENTE JUR[Í]DICO QUE PUEDE UTILIZAR SU NOMBRE; DINERO Y RECURSOS ANTES LOS FOROS JUDICIALES.

> ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL EMITIR DOCUMENTOS A NOMBRE DE GRAN VISTA INC. YA QUE LOS APELADOS HAN COMPARECIDO AL FORO JUDICIAL EN SU CARÁCTER PERSONAL Y LA CAUSA TRAIDA AL FORO ES ILEGAL PARA TODA PERSONA NATURAL O JUR[Í]DICA.

> ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL NO CUMPLIR CON LA ESCR[I]TURA MATRIZ N[Ú]M. DOS DE CONSTITUCI[Ó]N DE RESTRICIONES DE USO Y EDIFICACI[Ó]N PARA LA URBANIZACI[Ó]N GRAN

---

[10] *Íd.*, Entrada Núm. 597.

VISTA I QUE PROH[Í]BE LAS CAUSAS TRA[Í]DAS COMO SAB[Í]AN LOS APELADOS QUE CONOCEN LA MISMA.

El 22 de junio de 2026, compareció ante este foro revisor la parte recurrida mediante *Moción en Cumplimiento de Orden y en Oposición a Expedición del Recurso*.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II**

## A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).[11] Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones,[12] dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008) (citas omitidas); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

[11] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[12] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[13]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, [*supra*], es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 335, esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pueblo v. Díaz de León*, 176 DPR 913, 918 (2009). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Íd.*; ver también *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que:

---

[13] *Íd.*

[D]e ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 210.

## B. *Relevo de Sentencia*

Por su parte, la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, provee para que un tribunal pueda relevar a una parte de una sentencia, orden o procedimiento, si concurre alguna de las situaciones allí señaladas. Asimismo, este precepto procesal civil tiene como fin establecer el justo balance entre dos principios de cardinal importancia en nuestro ordenamiento jurídico. De un lado, el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial. Del otro, que los litigios lleguen a su fin.[14]

El Tribunal Supremo de Puerto Rico ha expresado con respecto a este precepto legal:

La Regla 49.2 provee un mecanismo procesal post sentencia para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. Nada es más frustrante para el logro de ese propósito que negar a una parte su día en corte."

*Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977).

Por otro lado, el Alto Foro ha aclarado que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal.[15] Las determinaciones judiciales que son finales y firmes no pueden estar sujetas a ser alteradas por tiempo indefinido. Por ello, la Regla 49.2, *supra,* es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable "pero en

---

[14] *Municipio de Coamo v. Tribunal Superior*, 99 DPR 932, 936-937 (1971); José A. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Publicaciones JTS, 2000, T. II.

[15] *Piazza v. Isla del Río; Inc.*, 158 DPR 440 (2003); *Sánchez Ramos v. Troche Toro*, 111 DPR 155, 157 (1981); *Municipio de Coamo v. Tribunal Superior*, supra; *Srio. del Trabajo v. Tribunal Superior*, 91 DPR 864, 867 (1965).

ningún caso después de transcurridos seis (6) meses ...". *Piazza v. Isla del Río*; *Inc.*, supra. Transcurrido dicho plazo no puede adjudicarse la solicitud de relevo. *Bco. Santander P.R. v. Fajardo Farms Corp.*, supra.

En particular, la Regla 49.2 de Procedimiento Civil, *supra*, dispone, específicamente, como sigue:

**Regla 49.2. Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc.**

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de la parte adversa;

(4) Nulidad de la sentencia;

(5) La sentencia ha sido satisfecha, renunciada, o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuare en vigor; o

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d) de esta regla. La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.

[...].

Para que proceda el relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, *supra*, es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal

relevo. El peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla. Ahora bien, relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *García Colón et al. v. Sucn. González,* pág. 540.

La Alta Curia ha establecido que, para conceder un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. Así, si la parte que solicita el relevo aduce una buena defensa –además de alguna de las circunstancias previstas en la Regla 49.2 de Procedimiento Civil, *supra,* ya mencionadas- y el relevo no ocasiona perjuicio alguno a la parte contraria, este debe ser concedido. De ahí que, como regla general la existencia de una buena defensa debe siempre inclinar la balanza a favor de la reapertura. *García Colón et al. v. Sucn. González,* supra, págs. 540-541.

Por igual, el Tribunal Supremo de Puerto Rico, ha expresado, con relación a la Regla 49.2 de Procedimiento Civil, *supra*: "que el precepto debe interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia o, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos". Empero, la consabida regla no constituye una llave maestra para reabrir controversias, ni sustituye los recursos de apelación o reconsideración. Es decir, el precepto no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación. (Énfasis nuestro) (Citas omitidas). *García Colón et al. v. Sucn. González,* supra, pág. 541.

Por otro lado, el inciso (4) de la Regla 49.2 de Procedimiento Civil, *supra,* le otorga al Tribunal la facultad de relevar a una parte

de los efectos de una sentencia cuando se determine su nulidad. Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando al dictarla se ha quebrantado el debido proceso de ley. (Citas omitidas). *García Colón et al. v. Sucn. González,* supra, pág. 543.

Es importante destacar que, bajo este fundamento no hay margen de discreción como si lo hay bajo los otros fundamentos de la Regla 49.2 de Procedimiento Civil, *supra*; si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado. Sobre el particular, ha manifestado el Tribunal Supremo que:

> ...la discreción que tiene un tribunal, al amparo de las disposiciones de la referida Regla 49.2 de Procedimiento Civil, para relevar a una parte de los efectos de una sentencia resulta inaplicable cuando se trata de una sentencia que es "nula"; si es nula, no hay discreción para el relevo, hay obligación de decretarla nula.
>
> Es inescapable la conclusión, en consecuencia, que ante la certeza de nulidad de una sentencia, resulta *mandatorio* declarar su inexistencia jurídica; ello independientemente del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses establecido en la antes citada Regla 49.2 de Procedimiento Civil. (Citas omitidas).[16]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

### III

En apretada síntesis, la parte peticionaria sostiene que la *Sentencia* emitida por el Tribunal de Primera Instancia el 30 de agosto de 2023 es nula. En particular, arguye que el foro primario carecía de jurisdicción sobre la materia para atender la controversia de autos, por entender que la misma correspondía a la esfera administrativa al involucrar una servidumbre pluvial. Asimismo, plantea que la parte recurrida carecía de capacidad jurídica y legitimación activa para incoar la acción reivindicatoria y, además,

---

[16] *Montañez v. Policía de Puerto Rico,* 150 DPR 917, 921-922 (2000). Véanse, *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, [243-244] (1996); *Figueroa v. Banco de San Juan*, 108 DPR 680, [689] (1979). (Citas omitidas). *García Colón et al. v. Sucn. González*, supra, págs. 543-544.

sostiene que el dictamen recurrido contraviene las disposiciones de la escritura matriz de la Urbanización Gran Vista.

Un análisis del tracto procesal del caso de autos revela que luego de haber transcurrido casi tres (3) años desde que el foro recurrido notificó la aludida *Sentencia*, la parte peticionaria trae ante la atención del Tribunal de Primera Instancia, por tercera ocasión, el planteamiento de la nulidad del dictamen. No obstante, del expediente ante nuestra consideración se desprende que los cuestionamientos propuestos por la parte peticionaria ya fueron objeto de consideración judicial, puesto que los mismos formaron parte de los recursos previamente examinados tanto por este Tribunal, en el caso núm. KLAN202300881, consolidado con el caso núm. KLCE202301310, como por el Tribunal Supremo, foro que declinó expedir el recurso de certiorari presentado.

Siendo así, concluimos que no procede la expedición del auto solicitado. Los señalamientos esbozados por la parte peticionaria no activan nuestra jurisdicción discrecional, toda vez que no presentan cuestión novedosa alguna ni demuestran la existencia de circunstancias excepcionales que justifiquen reabrir una controversia que ha sido objeto de amplia revisión judicial y respecto a la cual recayó una sentencia final y firme. En consecuencia, resulta evidente que la parte peticionaria ha agotado los mecanismos procesales disponibles en nuestro ordenamiento para impugnar el dictamen de autos, sin haber logrado demostrar error, prejuicio, parcialidad o abuso de discreción por parte del foro recurrido.[17]

Del mismo modo, la señora Vicente López no nos ha persuadido de que nuestra abstención revisora en esta etapa

---

[17] Señalamos, además, que tomamos conocimiento judicial sobre las múltiples querellas y recursos que ha radicado la parte peticionaria en contra de los jueces que han entendido sobre el caso de epígrafe, así como de la representación legal de la parte recurrida.

constituiría un fracaso irremediable de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Por consiguiente, al no advertirse fundamento alguno que justifique nuestra intervención, denegamos la expedición del auto de certiorari solicitado.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *Certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones